```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                    1:10CV157-MU-02
```

```
TORREY TELLEFSEN;            )
RANDY BURCH;                 )
SETH STEPP; and              )
MAX LUO                      )
                             )
     Plaintiffs,             )
                             )
       v.                    )        O R D E R
                             )
(FNU) McDEVITT, Sheriff of)
  Burke county;              )
M.P. METCALFE, Major at      )
  the Burke-Catawba County)
  Detention; and             )
BURKE-CATAWBA COUNTY DIS-    )
  TRICT CONFINEMENT FA-      )
  CILITY;                    )
                             )
     Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on review of Plaintiffs' form-civil rights Complaint pursuant to 42 U.S.C. § 1983, filed July 29, 2010.

## I. STANDARD FOR CONDUCTING INITIAL REVIEW

Inasmuch as Plaintiffs are seeking to proceed with this action in forma pauperis, the Court is authorized to conduct an initial review of their Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having conducted that review, the Court has determined that Plaintiffs' Complaint must be dismissed, without prejudice, for their failures to exhaust their

administrative remedies for their claims.

## II. **FACTUAL BACKGROUND**

Plaintiffs are pretrial detainees at the Burke-Catawba County District Confinement Facility. (Doc. No. 1 at 1). By their Complaint, Plaintiffs present a host of allegations challenging the conditions of their confinement. For instance, Plaintiff's complain about their housing arrangements, limitations on their exercise, the lack of safe living conditions, limitations on their access to the law library, the cost of the food and telephone services, the lack of television viewing opportunities, and the quality of the food at the Facility. (Id. at 5-8). By way of relief, Plaintiffs seek greater safety and privacy, access to television and outside recreation, greater access to the law library and damages for their injuries. (Id. at 3).

Critically, however, Plaintiffs' Complaint form further reports that although their Facility has an inmate grievance procedure in place, they did not use that system to seek redress for their complaints because of their opinion that "there was no procedure to handle the complaints stated in this case." (Id. at 2). The Complaint further reports that one of the Plaintiffs instead complained to "guards" who informed him that nothing could be done.

2

## III. **DISCUSSION**

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. In Woodford v. Ngo, 548 U.S. 81, 85 (2006), the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just those that meet federal standards." Indeed, Woodford concluded that there must be "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.)" (internal quotation marks and citation omitted). Id. at 90. Thus, exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Booth v. Churner, 532 U.S. 731, 741 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Bock, supra, at 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review when it is apparent

3

from the face of the complaint that the prisoner has not exhausted administrative remedies.  See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

As has been noted, Plaintiffs' report that there is an inmate grievance system at their Facility but they did not use it because they did not believe that it could not handle their specific complaints.  Such belief is quite curious to the Court inasmuch as it appears that Plaintiffs' allegations are exactly the type that jail authorities should be given the first full opportunity to address.  In any event, Plaintiffs further report that instead of filing grievances they filed this federal case after one, not all, of them complained to guards -- about matters which they do not bother to specify -- and was told that nothing could be done.  Consequently, the foregoing representations reflect that Plaintiffs' allegations have not yet been exhausted.  Ultimately, the Court cannot exercise jurisdiction over Plaintiffs' claims; therefore, the Complaint must be <u>dismissed</u> without prejudice.  42 U.S.C. § 1997e(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That pursuant to 42 U.S.C. § 1997(e), the instant Complaint is **DISMISSED** without prejudice for Plaintiffs' failures to exhaust their administrative remedies with respect to the allegations raised therein; and

2. That the Clerk shall send copies of this Order to Plaintiffs.

**SO ORDERED.**

Signed: August 9, 2010

Graham C. Mullen
United States District Judge